# FARMERS STATE BANK OF BROOTEN v. G. L. TAYLOR.[1]

December 31, 1926.

No. 25,495.

**Verdict for defendant set aside because falsity of his testimony was demonstrated.**

Under the facts stated in the opinion, the testimonial averment of defendant, the maker of the promissory note in suit, that it was without consideration and wholly for the accommodation of the payee, is *held* to be so conclusively disproved, by his admissions to the contrary and other undisputed facts in evidence, as not to sustain a verdict in his favor and to make necessary the direction of judgment against him.

Bills and Notes, 8 C. J. p. 1064 n. 87.

[1]Reported in 211 N. W. 820.

Plaintiff appealed from an order of the district court for Stearns county, Roeser, J., denying its motion for judgment notwithstanding the verdict or for a new trial. Reversed.

R. B. Brower, for appellant.

H. Zander, for respondent.

STONE, J.

Action by the payee against the maker of a promissory note, the sole defense being a denial of consideration. After verdict for defendant, plaintiff appeals from the order denying its alternative motion for judgment or a new trial.

The note bears date of September 25, 1923. It is for $1,000. The defendant testified that it was given to plaintiff bank solely for its accommodation; that defendant received no value for it then or afterwards; that its only purpose was to enable the bank to cover some bad assets which were objected to by an examiner and that no claim would ever be made against defendant by reason thereof. If that testimony stood alone, or even if under all the circumstances in evidence it went so far toward raising an issue that reasonable men could differ, the verdict would have to stand. We are of the opinion however that the falsity of the testimony in question was proved to the point of demonstration. That being the basis of our decision that there must be a directed judgment for plaintiff, it is necessary to state the facts somewhat in detail.

The note grew out of the transactions of September 25 and 26, 1923, between defendant and one Wamsley, the then cashier of plaintiff. Defendant had just quit farming and moved into Brooten for the purpose of accepting employment in a garage in which Wamsley was interested. His farm chattels had been sold at auction, netting him in cash $2,531.12, which he deposited with plaintiff on September 25th, that deposit being evidenced by a proper credit on his ledger account with plaintiff and also by the usual deposit slip. The other transactions now to be detailed are all evidenced in the same manner, none of the canceled checks referred to having been produced at the trial. The note in suit bears date of September

25th and on the 26th defendant received credit with plaintiff for the amount thereof as a deposit. The two deposits thus made aggregated $3,531.12. On the 26th defendant was charged with two checks payable to the automobile company. One of them for $322 was for an automobile which he admits having purchased at that time. The other was for $3,000, also to the automobile company. There are in evidence deposit slips for each of these items showing their deposit to the credit of the payee. The $3,000 check is the subject of serious disagreement and discrepancies in the evidence.

For plaintiff it is claimed that defendant loaned the automobile company $3,000, and that, in order to do so, he gave the $1,000 note. It is undisputed that at that time there was executed and delivered to defendant by the automobile company a demand note for $3,000 secured by chattel mortgage upon all its property. Defendant does not deny that he dealt with that note and mortgage as his property. The details of the subsequent transactions need not be gone into. Suffice it to say that defendant thereafter took a bill of sale of the property, resold it for $2,200 and got $400 on account. His actions with respect to the mortgage and the property covered thereby were so unequivocally those first of mortgagee and then owner, that any attempt to qualify them is futile.

Defendant's claim concerning the $3,000 note and mortgage is that all he intended or ever agreed to loan the automobile company was *two* thousand dollars of the proceeds of his auction sale; and that the agreement on the part of plaintiff, made by its cashier Wamsley, was to give him for such loan the *three* thousand dollar note and mortgage. Defendant cannot explain the one thousand dollar excess nor does he attempt to say that Wamsley ever told him what it was for. Defendant does not know how, on his theory of the case, the $2,000 was to be transferred from his account to that of his borrower. He doesn't claim to have given the latter a check for $2,000. He does deny in one portion of his testimony that he executed the $3,000 check charged to him on September 26th. All of the entries in question, together with the deposit slips underlying the same, were made apparently in the usual course of busi-

ness on the dates indicated. We have examined the originals. All the contemporaneous records, including the chattel mortgage and note secured thereby, are unequivocal. The only obstacle to the ordinary inferences therefrom is defendant's testimony that the note in suit was for the accommodation of the bank and that his loan to the automobile company was to be for $2,000 rather than $3,000. But in addition to the refutation of that testimony by the contemporaneous records and documents (plus the oral testimony for plaintiff for whatever it may be worth), we have, concerning the transactions of September 25th and 26th, the testimonial admission of defendant that he "did buy this automobile business" and that he paid for it by a check against his deposits of $2,531 and $1,000—the latter being the proceeds of the note in suit. Later defendant attempted to repudiate that admission. But upon the whole case as thus outlined we think that as a matter of law the repudiation must be disregarded.

Contradictions in testimony usually make an issue of fact, but where from the whole case the truth is so apparent as it is here it would be an utter sacrifice for the time being of the functions of the judge and the law's control to say that a verdict should not be directed. If we first assume that the bank accounts and the entirely consistent deposit slips were impeached by defendant's contradiction thereof, we must say finally that the impeachment disappears when we consider the $3,000 note and mortgage and defendant's exercise of ownership, first of the security and then of the mortgaged property. Those facts deprive his denials of all evidentiary weight. The law would stultify itself by attaching any force whatsoever to testimony so conclusively disproved.

The record has been attentively examined with a view to finding if possible some escape from the necessity for directing judgment for plaintiff. The case suggests very strongly that defendant was beguiled by questionable over-persuasion to make his initial $3,000 investment in the garage business. We suspect that he may have been the victim of one who should have kept him out of the deal instead of putting him into it. But if that be so, defendant's con-

duct has been such as to affirm it and put it beyond the possibility of rescission. In any view of the case, it is clear that the note in suit was supported by valuable consideration.

The order appealed from is reversed and the case remanded with directions to enter judgment for plaintiff notwithstanding the verdict.

### ON PETITION FOR REHEARING.

On January 28, 1927, the following opinion was filed:

STONE, J.

The petition of defendant for a rehearing is denied but there is ground for one of its criticisms of the opinion. The latter makes it appear that the chattel mortgage securing the $3,000 note was executed concurrently therewith. That is not accurate and counsel for defendant is right in stating that the mortgage was not executed or delivered until some weeks afterwards and on November 7, 1923. He says he himself then participated in the transaction whereby the security was obtained for his client. We are grateful for the correction and appreciate especially the confirmation of the theory of decision thus furnished from so competent a source.

The petition for rehearing states that, acting by the advice of his counsel, defendant procured and accepted security for the $3,000 note. By so doing he ratified the transaction evidenced thereby, which was the loan by him of $3,000 to the automobile company. He could not have made the $3,000 loan without the proceeds of the $1,000 note in suit. Hence the confirmation of the conclusion that the latter note was based not only upon valuable but adequate consideration.

Counsel avers an inability to find certain testimony quoted in the opinion. If he will search the record again, carefully and fairly, he will find what was referred to originally as defendant's "testimonial admission" that he "did buy this automobile business" at folios 254 and 255. That admission is supplemented by another that it was "to get away from liability in this case" that defendant

finally made what, from the record, appears to have been a colorable assignment of the subsequent chattel mortgage which he took upon the garage property.